IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE KREIFELS and DOUGLAS KREIFELS, <br><br> Plaintiffs, <br><br> v. <br><br> COVENTRY HEALTH CARE OF NEBRASKA, INC., and COVENTRY HEALTH CARE INC. <br><br> Defendants. | Case No.: 4:13-CV-03067 <br><br><br> **PROTECTIVE ORDER** |

Pursuant Federal Rule of Civil Procedure 26(c) and 45 C.F.R. § 164.512(e), Plaintiffs Michelle Kreifels and Douglas Kreifels and Defendants Coventry Health Care of Nebraska, Inc. and Coventry Health Care, Inc., by and through their undersigned counsel, hereby stipulate and agree to the following Protective Order.

WHEREAS, Plaintiffs and/or Defendants have produced and may be producing documents containing personal, private, confidential or proprietary information ("Confidential Information") as more fully defined below; and

WHEREAS, counsel for the parties are willing to stipulate to the entry of a Protective Order as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information; and

WHEREAS, counsel for the parties agree that a Protective Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth guidelines for the use of Confidential Information.

**THE COURT, THEREFORE, ORDERS AS FOLLOWS:**

1.  The terms and conditions of this Protective Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for

admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

2. "Confidential Information" under this Protective Order is defined as: (a) documents, information and things produced during discovery, or produced pursuant to a subpoena duces tecum or otherwise, (b) evidence adduced before or during trial and portions of testimony to be taken (whether at deposition, hearing or trial), (c) pleadings, affidavits, briefs, motions, transcripts and other writings that may be filed, and (d) various other matters that include data or information, which any party may designate confidential, to contain information sensitive to the parties' business or affairs, to contain trade secrets, to contain confidential or proprietary financial and other information, to contain information relating to non-parties (including personnel records, financial records, medical records, and other confidential personal or business information), or to include confidential patient information, protected health information, or any other identifiable health information as defined by Health Insurance Portability and Accountability Act ("HIPAA").

3. For purposes of this Protective Order, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, patient health information or "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

4. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to Michelle Kreifels to all attorneys now of record in this matter or who may become of record in the future of this litigation, pursuant to the terms of this Protective Order.

5. If a party determines that a document or thing which has been or will be furnished, produced or made a part of any pleadings or other papers to be filed, or any briefs, testimony, affidavits or evidence to be offered contains or may contain Confidential Information, the party requesting protection shall designate such document, information, evidence, pleadings, testimony or affidavit as Confidential Information in the following manner:

   a. In the case of documents and written materials, the party seeking protection shall stamp or identify as "CONFIDENTIAL" the documents or written materials that will be covered by this Protective Order, except that the parties need not separately stamp or declare PHI as "CONFIDENTIAL" for it to qualify and be treated as Confidential Information.

   b. In the case of transcribed hearings, transcribed files, deposition testimony, affidavits, pleadings and other papers or writings to be filed with the Court, by advising the other parties in writing of the portions deemed to be Confidential Information. For testimony taken during a deposition, hearing or other proceeding, testimony that may contain Confidential Information also may be designated as such at the time of the deposition, hearing or proceeding, or promptly afterwards. This section shall not apply to PHI, which the parties need not separately designate or identify "CONFIDENTIAL" for it to qualify and be treated as Confidential Information.

  c. In the case of information retained or maintained in a computerized or other machine readable form that has not been transcribed into a printed form, the party seeking protection shall notify the other party of the type or category of such information that is Confidential Information.

 6. This Protective Order shall be without prejudice to the right of any party (a) to bring before the Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information constitutes Confidential Information; (b) to seek a further protective order; (c) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (d) by application and notice, to seek relief from any provision of this Protective Order on any ground.  During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, such document, information or thing shall remain subject to the provisions of this Protective Order.

 7. If a party realizes that some portion(s) of material or information that the party previously produced without limitation should be designated as Confidential Information, it may so designate by promptly so apprising all parties in writing, and such designated portions(s) of the material or information shall be treated as Confidential Information under the terms of this Protective Order.

 8. Documents, materials, things, testimony, pleadings, various matters and information designated as Confidential Information:

  a. Except as provided herein, the parties shall not use or disclose Confidential Information, including but not limited to HIPAA protected health information, for

        any purpose other than the litigation or the proceeding for which such information was requested;

b.   The parties shall not disclose Confidential Information to anyone other than the Court and its staff, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

c.   If any party, attorney or individual shall disclose Confidential Information to a consultant or expert witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order.  A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the non-disclosing party.  If any party discloses Confidential Information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party nevertheless must provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order. Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure

        place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon Court order; and

    d.    If any person to whom disclosure is permitted under this Protective Order is a nonparty witness or deponent who has not signed a Confidentiality Agreement (in the form attached hereto as Exhibit A), then it is the obligation of the disclosing party to ensure that such person is not permitted to retain or make copies of any Confidential Information disclosed to such person.  It is the intent of the parties hereto that Confidential Information, including HIPAA protected health information, not be used for any purpose outside the reasonable conduct of this case.

    9.    All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any Confidential Information, shall be filed under restricted access pursuant to any rules or orders pertaining to the filing of information and documents under restricted access.

    10.    This Protective Order may be modified by the Court at any time on its own motion.  The Court may also impose sanctions or find in contempt any party or persons bound by this Protective Order found in violation of the terms of this Protective Order.

    11.    Within a reasonable time after the final determination of this action, each party to this litigation shall either assemble and return to the producing party or parties the originals of Confidential Information, or shall destroy such Confidential Information, at the request of the producing party.  All copies, in whatever form, shall also be returned or destroyed.  In the event Confidential Information is not returned or destroyed as required herein, the Confidential Information shall be identified by counsel and continued to be held subject to the terms of this

Protective Order.  The parties may retain PHI and all copies thereof that were generated by them.

12. This Protective Order shall not control or limit the use of protected health information that comes into the possession of any party or any party's attorney from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

13. Nothing in this Protective Order authorizes the parties to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications.

14. This Protective Order shall be binding upon the parties, their counsel, predecessors, successors, parents, subsidiaries, affiliates, employees, agents, representatives, and assigns.

June 11, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

**Exhibit A**

**CONFIDENTIALITY AGREEMENT**

      The undersigned hereby acknowledges that he/she has read the Protective Order entered by the United States District Court for the District of Nebraska in the action entitled *Michelle Kreifels and Douglas Kreifels v. Coventry Health Care of Nebraska, Inc., and Coventry Health Care, Inc.*, Case No. 4:13-CV-03067, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

      Dated this _____ day of _____, 2013.


                                                                        _____